**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

CASE NO.: 1:21-cv-03266-NRN

CARLOS CUESTA,

    Plaintiff,

v.

ROCK 1 LLC and DP RETAIL 101 LLC,

    Defendants.

**PROPOSED SCHEDULING ORDER**

**1. DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The conference will take place on March 2, 2022. The following individuals will attend the conference:

| | |
|---|---|
| Anthony J. Perez, Esq. | Micah D. Dawson, Esq |
| GARCIA-MENOCAL & PEREZ, P.L. | FISHER & PHILLIPS LLP |
| 1600 Broadway | 1125 17th Street, Suite 2400 |
| Denver, Colorado 80202 | Denver, CO 80202 |
| Telephone: (303) 386-7208 | Telephone: (303) 218.3665 |
| Facsimile: (305) 386-7208 | Facsimile: (303) 218.3651 |
| Email: ajperez@lawgmp.com | Email: mdawson@fiherphillops.com |
| *Attorney for Plaintiff Carlos Cuesta* | *Attorney for Defendants Rock 1, LLC and DP Retail 101, LLC* |

**2. STATEMENT OF JURISDICTION**

The parties agree that the Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117(a).

**3. STATEMENT OF CLAIMS AND DEFENSES**

    a.    Plaintiff Carlos Cuesta:

Plaintiff claims Defendants are in violation of the Title III of the Americans

with Disabilities Act (the **"ADA"**) due to the alleged presence of various architectural barriers to access to Defendants' businesses and seeks injunctive relief and reasonable attorney's fees and costs incurred in bringing forth this Action.  The alleged violations of the ADA are at a minimum located in the parking lot, on the path of travel from the parking lot to the entrance of the facility, entrance to the facility, access to goods and services, and access to public restrooms. On or about September 11, 2021, Plaintiff visited the Green Dragon. The Plaintiff, Carlos Cuesta, encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.  The barriers to access at Defendants' Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered her safety. The barriers to access have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, Carlos Cuesta. Plaintiff frequents the area and went to this place of public accommodation both as bonfide patron and tester. He has concrete intent to return on February 2022.

Defendant, DP RETAIL 101 LLC owns and operates The Green Dragon, a place of public accommodation located 930 W Byers Pl, Denver, Colorado.

Defendant, ROCK 1 LLC., owns, operates, and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located 930 W Byers Pl, Denver, Colorado.

Individual Plaintiff has alleged that he has standing to bring a claim because the three (3) required elements are met: (1) the Plaintiff has suffered an injury in fact; (2)

there is a causal connection between the injury and the conduct complained of; (3) it is likely that the injury will be redressed by a favorable decision and intends to return on February 16 or 17, 2022.

    b.    Defendants:

This case concerns a cannabis dispensary located at 930 West Byers Place, Denver, Colorado 80223 ("Dispensary").

Defendants deny that Plaintiff has standing to pursue his claims. Defendants further deny that Plaintiff encountered any barriers in violation of the Americans with Disabilities Act at the Dispensary and deny that any such barriers existed in the past or currently exist. Finally, Defendants deny Plaintiff is entitled to injunctive relief or the recovery of attorneys' fees and costs.

Defendants have not responded to the Complaint and reserve the right to assert additional defenses to Plaintiff's Complaint.

    c.    Other Parties:

None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

- Venue is proper in this district.

- Defendant ROCK 1 LLC. owns 930 W Byers Pl, Denver, Colorado.

- Defendant DP RETAIL 101 LLC holds a retail cannabis license for 930 W Byers Pl, Denver, Colorado.

## 5. COMPUTATION OF DAMAGES

Plaintiff is seeking injunctive relief pursuant to 42 U.S.C. § 12188. Plaintiff is also seeking an award of reasonable attorney's fees and cost pursuant to 42 U.S.C. §

12205.

Defendants contend that Plaintiff is not entitled to any damages in this matter. Because Defendants have not filed any counterclaims, they do not seek any damages at this time.  Defendants do, however, seek an award of their costs and attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-101.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting:

February 2, 2022.

b. Names of each participant and party he/he represented.

Anthony J. Perez, Esq., attorney for Plaintiff, CARLOS CUESTA.

Micah D. Dawson, Esq., attorney for Defendant, ROCK 1 LLC.

Micah D. Dawson, Esq., attorney for Defendant, DP RETAIL 101 LLC.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Rule 26(a)(1) Disclosures will be provided to the opposing party on or before:

March 3, 2022

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e. Statement concerning any agreements to conduct informal discovery:

The Parties will exchange information via e-mail when possible.

f. Statement concerning any other agreements or procedures to reduce

discovery and other litigation costs, including the use of a unified exhibit numbering system.

The Parties have agreed to work cooperatively and in good faith to reduce discovery and other litigation costs, including the use a unified exhibit numbering system.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Parties do not anticipate that any claims or defenses will involve any extensive electronically stored information or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Parties have discussed the possibility of settling the case and will continue these discussions. The Parties will promptly inform the Court should a settlement be reached.

## 7. CONSENT

All parties <u>do not consent</u> to the exercise of jurisdiction of a magistrate judge for dispositive motions.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules, not including

experts.

The Parties agree to the two (2) depositions per side, not including experts.

b. Limitations which any party proposes on the length of depositions.

Defendants do not propose any modification to the presumptive length of depositions contained in the Federal Rules. Plaintiff proposes depositions be limited to three (3) hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

Consistent with the Parties' proposed limitations on interrogatories, the Parties propose that each side may serve up to 25 requests for production and 25 requests for admissions to the other side.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.

April 29, 2022.

e. Other Planning or Discovery Orders

No opposed discovery motions are to be filed with the Court until the Parties comply with the Court's conferral requirements as set forth in the Court's practice standards.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

April 14, 2022

b. Discovery Cut-off:

October 5, 2022

FP 43061407.1

c.  Dispositive Motions deadline:

November 17, 2022

d.  Expert Witness Disclosure

1.  The parties shall identify anticipated fields of expert testimony, if any.

The Parties anticipate experts in the fields of expertise of the possible existence of architectural barriers on the subject property, which may be in violation of the ADA and whether modifications of those barriers are feasible and/or readily achievable. Expert to opine on economic feasibility of proposed modifications for whether each of the remediations are economically and readily achievable.

2.  Limitations which the parties propose on the use or number of expert witnesses.

The Parties may designate up to two (2) expert witnesses per side.

3.  The Plaintiff shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

July 19, 2022

This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

4.  The Defendant shall designate all affirmative and rebuttal experts

and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

August 25, 2022

This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

5. The Plaintiff shall designate rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

September 28, 2022

e. Identification of Persons to Be Deposed:

Plaintiff

Plaintiffs' expert(s)

Defendant's Corporate Representative

Defendant's expert(s)

Representative from Defendant's entity

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and

      times_____.

b.     A final pretrial conference will be held in this case on _____ at 10 o'clock a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.     Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

      None.

b.     Anticipated length of trial and whether trial is to the court or jury.

      2-3 days.  Non-jury trial.

c.     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at:

      Byron G. Rogers United States Courthouse
      C252 / Courtroom C203
      1929 Stout Street
      Denver, CO 80294

The proceedings in this case can be efficiently conducted in the Denver facility.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR

7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___ day of _____, 2022.

BY THE COURT:

_____
N. REID NEUREITER
United States Magistrate Judge

APPROVED BY:

| | |
|---|---|
| */s/ Anthony J. Perez* <br> Anthony J. Perez, Esq. <br> GARCIA-MENOCAL & PEREZ, P.L. <br> 1600 Broadway <br> Denver, Colorado 80202 <br> Telephone: (303) 386-7208 <br> Facsimile (305) 386-7208 <br> Email: ajperez@lawgmp.com <br> *Attorneys for Plaintiff* | */s/ Micah D. Dawson* <br> Micah D. Dawson, Esq <br> FISHER & PHILLIPS LLP <br> 1125 17th Street, Suite 2400 <br> Denver, CO 80202 <br> Telephone: (303) 218-3650 <br> Facsimile: (303) 218-3651 <br> Email: mdawson@fisherphillips.com <br> *Attorney for Defendants, Rock 1, LLC and DP Retail 101, LLC* |