# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE:

JOHN MEGGS,

    Plaintiff,
v.

HOTEL GENPAR, LTD. D/B/A
INTERCONTINENTAL AT DORAL
MIAMI,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, JOHN MEGGS, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, HOTEL GENPAR, LTD. D/B/A INTERCONTINENTAL AT DORAL MIAMI (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4. Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, and is otherwise *sui juris.* Plaintiff is the President of the Not-for-Profit Corporation, Access 4 All,

Incorporated.

5. At all times material, Defendant, HOTEL GENPAR, LTD., was and is a Florida Limited Partnership, organized under the laws of the state of Florida, with its principal place of business in Miami, Florida.

6. At all times material, Defendant, HOTEL GENPAR, LTD., owned and/or operated a commercial location at 2505 NW 87th Ave Doral, Florida 33155 (hereinafter the "Commercial Property"). Defendant, HOTEL GENPAR, LTD., holds itself out to the public as "Intercontinental at Doral Miami."

7. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Miami, Florida, Defendant regularly conduct business within Miami, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami, Florida.

## FACTUAL ALLEGATIONS

8. Although over twenty-nine (29) years have passed since the effective date of Title III of the ADA, Defendant have yet to make their facilities accessible to individuals with disabilities.

9. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the business therein, including the retail shopping store.

10. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11. Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

12. Defendant HOTEL GENPAR, LTD., owns, operates and/or oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Miami, Miami-Dade County, Florida, that is the subject of this Action.

13. The individual Plaintiff visited the Commercial Property and business located within the Commercial Property on or about November 18, 2021 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and visit the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

14. Plaintiff visited the Commercial Property as a patron/customer, visits the Commercial Property and business within the Commercial Property as a patron/customer, and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends time in and near Miami, Florida, in the same state as the Commercial Property, and intends to return to the property on or about two (2) months' time of the filing of this Complaint as he regularly conducts business on behalf of the Not-For-Profit Corporation, in and around Miami, Florida, including but not limited to meeting with organization's members and meeting with undersigned counsel. Specifically, Plaintiff intends to revisit the Commercial Property on or about March 2022 in order to participate

3

a meeting for the Not-For-Profit Corporation.

15. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

16. The Plaintiff, JOHN MEGGS, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendant's Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

17. Defendant, HOTEL GENPAR, LTD., own and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant own and/or operate is the Commercial Property hotel business located at 2505 NW 27th Ave Doral, Florida 33172.

18. Plaintiff, JOHN MEGGS, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the property and business

therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

## COUNT I – ADA VIOLATIONS

19. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 18 above as though fully set forth herein.

20. Defendant, HOTEL GENPAR, LTD., have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

21. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and hotel business within the Commercial Property, include, but are not limited to, the following:

A. Parking and Exterior Accessible Route

  i. There is no compliant route from transit, sidewalk, and parking areas for John Meggs to access Intercontinental Doral which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

  ii. Accessible routes at Intercontinental Doral have >3% cross slopes (>2%) creating hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

  iii. Accessible routes at Intercontinental Doral have >3% cross slopes (>2%) creating hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and Sections

       402 and 403 of the 2010 ADAS.

iv. Accessible routes at Intercontinental Doral have changes in level of (>3/4") creating hazardous conditions for John Meggs violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

v. Accessible routes at Intercontinental Doral have changes in level of (>3/4") creating hazardous conditions for John Meggs violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

i. Doors in Intercontinental Doral have inadequate maneuvering clearance of preventing use by John Meggs violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

B. Access to Goods and Services

i. Counters are, in excess of 36", preventing John Meggs from using, in violation of Section 7.2 (1) of the ADAAG.

ii. Counters are, in excess of 36", preventing John Meggs from using, in violation of Section 7.2 (1) of the ADAAG.

iii. Table-top and writing surface heights are (28" min / 34" max), preventing use by John Meggs, violating 2010 ADAS.

iv. Table knee and toe space is , high (27" min) and 13" deep (17" min), preventing use by John Meggs.

v. Self-service condiment items are , (48" max), inaccessible to John Meggs, violating 2010 ADAS Section 308.

C. Restrooms

i. Maneuvering space is inadequate, impeding John Meggs from entering or exiting the

      restroom per 2010 ADAS Sec. 404.

ii. Maneuvering space < 16" is inadequate, impeding John Meggs from entering or exiting the restroom per 2010 ADAS Sec. 404.

iii. Sink knee clearance (27" min @ 8" deep) prevents John Meggs from accessing sink, which violates ADAAG and 2010 ADAS Sec. 306.

iv. Sink knee clearance (27" min @ 8" deep) prevents John Meggs from accessing sink, which violates ADAAG and 2010 ADAS Sec. 306.

v. John Meggs unable to use Mirror due to bottom-reflecting surface > 41" AFF (40" AFF max), violating the ADAAG and 2010 ADAS.

vi. Stall door is not self-closing and/or lacks proper hardware, preventing use by John Meggs, violating 2010 ADAS Sec. 604.

vii. Toilet flush valve not mounted on wide side, denying access to John Meggs, violating the ADAAG and 2010 ADAS Sec. 604.

viii. Toilet flush valve not mounted on wide side, denying access to John Meggs, violating the ADAAG and 2010 ADAS Sec. 604.

ix. John Meggs cannot access the storage areas, violating the ADAAG and 2010 ADAS.

x. John Meggs cannot access the storage areas, violating the ADAAG and 2010 ADAS.

D. <u>Accessible Guestrooms and Suites</u>

i. Doors to enter, exit or use the accessible room lack requisite maneuvering clearance for users of mobility aids, impeding John Meggs, in violation of ADAAG Sections 4.13.9 and 9.2.2(3) and 2010 ADAS Sec. 404.

ii. Security latch on door is > 59" > 48" AFF, beyond reach of wheelchair users or is not operable with one hand without grasping, pinching, or twisting, preventing use by John

       Meggs, violating the ADAAG and 2010 ADAS.

iii. Drapery wands or controls on lamps or HVAC units are of inaccessible design or > 48" AFF > 55", violating the ADAAG and 2010 ADAS Sections 308 and 309.

iv. Rods and shelves in closets or wall mounted units > 48" AFF > 60" or lack the clear floor space for John Meggs to approach, violating the ADAAG and 2010 ADAS Section 308.

v. Adjustable height hand-held shower wand with a 60" long hose is not provided < 48" AFF Maintained at 70" AFF for John Meggs, violating the ADAAG and 2010 ADAS Sections 308 and 607.

vi. Horizontal grab bar not proper on wall alongside shower seat, wall opposite seat (not behind shower seat) for stabilization and aid in a shower

vii. wheelchair or transfer from a wheelchair to the folding shower seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

viii. Horizontal grab bar not proper on wall alongside shower seat, wall opposite seat (not behind shower seat) for stabilization and aid in a shower

ix. wheelchair or transfer from a wheelchair to the folding shower seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

x. John Meggs cannot reserve accessible guestrooms/suites in the same ways and on the same terms that other persons can reserve guestrooms/suites at Intercontinental Doral, violating ADA requirements.

## **RELIEF SOUGHT AND THE BASIS**

22. The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of

public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

23. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24. Defendant have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

9

disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26. While Defendant, HOTEL GENPAR, LTD., as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held jointly and severally liable for ADA violations.

27. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates their

business, located within the Commercial Property located in Miami, Florida, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, JOHN MEGGS, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 2, 2022            **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
           dperaza@lawgmp.com

By: __/s/ Anthony J. Perez__
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      BEVERLY VIRUES
      Florida Bar No.: 123713